27 C.C.P.A.(Patents)

## In re HARRIS.
### Patent Appeal No. 4191.

Court of Customs and Patent Appeals.
Dec. 4, 1939.

Eugene L. Greenewald, of New York City (Donald C. Harrison, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of· the examiner which rejected claim 8 of appellant's application for a patent for alleged new and useful improvements in "Light Projectors and Metal Mirrors."

The said claim was rejected by the tribunals below for want of patentably novel combination and reads as follows:

"8. In a light-projector intended to withstand corrosive atmospheres, heat, and also severe mechanical shock such as that caused by the vibration of gunfire, and comprising a mirror, a light source, and means for maintaining said light source· substantially at a focus of said mirror, said light source being a high intensity electric arc between cored carbon electrodes; a rolled, wrought, optically figured and polished metal mirror having the following composition: 15% to 35% chromium, 2% to 6% metal of the group consisting of tungsten and molybdenum, carbon in substantial amounts in the neighborhood of 1% but not over about 1.25%, and the remainder principally cobalt."

The references are: Barbier (Fr.), 413,986, June 8, 1910; Siemens et al. (Ger.), 515,798, January 12, 1931.

The remaining claims 1 and 2 relating to the mirror alone were allowed.

The application relates to a light projector comprising a metal mirror made as set forth in the rejected claim and situated behind electrodes forming an electric arc. The light created by the arc is projected by the mirror.

The patent to Barbier relates to a light projector which includes a metallic mirror and an electric arc or other luminous source.

The patent to Siemens et al. need not be described as it apparently did not enter into the reasons given below for the said rejection.

The examiner rejected claim 8 for the reason that it was drawn to an old combination as shown by Barbier.

In his statement the examiner cited the decision of this court, In re Germantown Trust Co., 57 F.2d 365, 366, 19 C.C.P.A., Patents, 1140, in which it was held that:

"A combination, to be patentable as such, must disclose a novelty of co-operation between its elements which produces a new result and amounts to invention, and the mere fact that some elements are themselves novel and possibly patentable as individual elements does not render the combination containing them patentable in the absence of such novel co-operative relation in the combination itself.

The Board of Appeals in affirming the decision of the examiner also held that since appellant secured allowance of claims to the mirror itself it appears he concedes that the inventive element may exist apart from the structure set out in the preamble of the rejected claim.

The only question here is whether or not claim 8 defines a patentably novel combination. There can be no question but that a combination of a mirror and light source is old as shown by the Barbier reference. It is likewise clear that the only difference between the Barbier patent and the disclosure of claim 8 is in the mirror. Any improvement in result that may be brought about in the combination of mirror and light source is entirely due to the characteristics of the new element (the mirror). There is no novel cooperation between this new element and the other elements of the prior art combination. As the examiner stated:

"Obviously, other light sources could be combined with the metal reflector claimed. Similarly, other types of reflectors could be used with the light source claimed. Metal reflectors are recognized by inventors as independent subject matter and are independently manufactured and sold."

The case of In re Reed & Lamie, 76 F.2d 907, 909, 22 C.C.P.A., Patents, 1182, involved a similar situation. In that case we said:

"Appellants' device is novel, because they have combined a new and patented coke making device with an old water gas generator. It may be that improved results were obtained by such combination. However, there is nothing of record to indicate that there is any novel co-operation between the coke making device and the retort or water gas generator. On the contrary, the record is entirely consistent with the views expressed by the Board of Appeals, that there is no new and patentable co-operation between those elements, and that the improved results claimed by appellants to be obtained from such combination are due to the improved coke making element contained therein, for which they received a patent. Accordingly, appellants' claimed combination does not involve invention."

We, therefore, conclude that claim 8 fails to define a patentably novel combination in view of the cited prior art.

Appellant further contends that the rejected claim does not merely define a combination of mirror and light source, but that the preamble of the claim limits the field of use of the mirrors to the special field of high intensity electric arcs between cored carbon electrodes. He cites and discusses the case of Ex parte Jepson, 1917 C.D. 62, in support of this contention. An examination of the decision in that case shows, as the brief of the solicitor states, that the question was whether a certain claim there presented was in proper form. There is no such question raised here. The real invention in this case is the rolled and wrought metal mirror. Appellant has invented nothing more. His claims of invention of the said mirror have been allowed and the real invention does not at all depend upon the preamble to the rejected claim.

The decision of the Board of Appeals is affirmed.

Affirmed.